UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20020-CR-RUIZ/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUAN GOMEZ ALVAREZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

The Honorable Paul C. Huck referred this matter to me to conduct a change of plea hearing for the Defendant Juan Gomez Alvarez. (ECF No. 99). I held that hearing on September 9, 2019, and for the following reasons recommend that the Court accept Defendant's plea of guilty.

1.    At the outset of the hearing, I told Defendant of his right to have these proceedings conducted by Judge Huck, the District Court Judge presiding over the trial in this matter. I also advised Defendant that Judge Ruiz would sentence Defendant and make all findings and rulings concerning Defendant's sentence.

2.    Defendant was made aware that he did not have to permit this Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by a District Court Judge. Defendant, Defendant's attorney, and the Assistant United States Attorney all agreed on the record and consented to my conducting the change of plea hearing.

3.    I conducted the plea colloquy with Defendant in accordance with Federal Rule of Criminal Procedure 11.

4. The parties entered into a written plea agreement and had that document with them at the hearing; the plea agreement was thereafter filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that he carefully read that agreement, signed it, and agreed to its terms. Pursuant to that agreement, Defendant pled guilty to Count 1 of the Superseding Indictment, which charges Defendant with conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. The government agreed to seek dismissal, after sentencing, of the remaining counts of the Superseding Indictment brought against Defendant.

5. The parties also agreed to a written factual proffer, and had that document with them at the hearing. This too was later filed with the Court. Defendant said that he read that factual proffer, and agreed to its accuracy; he also confirmed that he signed it. Government counsel stated a factual basis for the entry of Defendant's guilty plea, and identified all of the essential elements of the offenses to which Defendant plead guilty, including any sentencing enhancements and/or aggravating factors that may be applicable. Defendant also explained in his own words, how he committed the crime charged in Count 1 of the Superseding Indictment. I found that a factual basis exists for Defendant's plea of guilty. Defendant was also advised of the statutory minimum and maximum penalties. Defendant acknowledged that he understood these possible penalties, including the mandatory minimum sentence of imprisonment for ten years (unless the defendant is safety valve eligible), and the maximum possible sentence of up to life imprisonment for Count 1.

6. Based upon the foregoing, and the statements and findings at the plea colloquy, which I incorporate into this Report and Recommendation, I find that Defendant was

competent and capable of entering an informed plea, and that his guilty plea was knowing and voluntary and has factual support. I recommend that the Court adopt these findings, and adjudicate Defendant guilty of Count 1 of the Superseding Indictment.

Accordingly, I **RECOMMEND** that the Court accept Defendant's plea of guilty, adjudicate Defendant guilty of Count 1 of the Superseding Indictment, and that a sentencing hearing be conducted for final disposition of this matter.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Paul C. Huck, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** this 9th day of September, 2019, at Miami, Florida.

                                                                                                _____
                                                                                                 CHRIS McALILEY
                                                                                                 UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Rodolfo A. Ruiz
        The Honorable Paul C. Huck
        Counsel of record